UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM NORMAN SCHUMACHER,

     Plaintiff,

v.                                                                      Case No:   6:14-cv-1963-Orl-28TBS

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the Commissioner of Social Security's Unopposed

Motion for Entry of Judgment with Remand (Doc. 15).   The Commissioner requests that

the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the

administrative law judge can further develop the record, consider any new, updated, or

additional evidence for the relevant time period, and take further action as necessary, and

issue a new decision (Id.).   Pursuant to M.D. FLA. R. 3.01(g), counsel for the

Commissioner represents that Plaintiff's attorney has been contacted and has no

objection to the requested relief.

The two, "exclusive methods in which district courts may remand to the Secretary

are set forth in sentence four and sentence six of 42 U.S.C. § 405(g) …." Shalala v.

Schaefer, 509 U.S. 292, 296,113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).   Under sentence

four, "[t]he court shall have power to enter, upon the pleadings and transcript of the

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing."   Sentence six

provides that "[t]he court may, on motion of the Commissioner of Social Security made for

good cause shown before the Commissioner files the Commissioner's answer, remand

the case to the Commissioner of Social Security for further action …."   42 U.S.C. §

405(g).   "Immediate entry of judgment (as opposed to entry of judgment after

postremand agency proceedings have been completed and their results filed with the

court) is in fact the principal feature that distinguishes a sentence-four remand from a

sentence-six remand."   Id., at 297.   The Eighth Circuit has observed that "[a] substantive

ruling on the merits of the case is a second factor distinguishing sentence-four from

sentence-six remands.   Pottsmith v. Barnhart, 306 F.3d 526, 528 (8th Cir. 2002) (citing

Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)).

The Commissioner seeks remand pursuant to sentence four (Doc. 12, at 1-2).

Under sentence four, the Court is empowered to reverse the decision of the

Commissioner with or without remanding the cause for a rehearing.   Shalala v. Schaefer,

509 U.S. 292 (1993). The failure of the administrative law judge to fully develop the

record constitutes sufficient grounds for remand.   Brissette v. Heckler, 730 F.2d 548 (8th

Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part,

rev'd in part, 784 F.2d 864 (8th Cir. 1986).   A sentence-four remand may also be

appropriate to allow the Commissioner to explain the basis for her administrative

decision.   Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was

appropriate to allow the administrative law judge to explain the basis for the determination

that the claimant's depression did not significantly affect her ability to work and treating

psychologist acknowledged that claimant had improved in response to treatment and

could work in a supportive, noncompetitive, tailor-made work environment).   Upon

remand of the case under sentence-four, the administrative law judge must review the

complete case record, including any new material evidence.   Diorio v. Heckler, 721 F.2d

726, 729 (11th Cir. 1983) (finding that it was necessary for the administrative law judge

on remand to consider psychiatric report tendered to Appeals Council); Reeves v.

<u>Heckler</u>, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the administrative law judge should consider on remand the need for an orthopedic evaluation).   The Commissioner's recognition that the administrative law judge needs to further develop the record and issue a new decision is a good ground for remand under sentence four.   Accordingly, I respectfully recommend the Court:

1. **Grant** the Commissioner's motion (Doc.15);

2. **Reverse and remand** this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g);

3. **Advise** the parties that it is expected that on remand, the administrative law judge will more fully develop the record, consider any new, updated or additional evidence for the relevant time period, and issue a new decision;

4. **Direct** the Clerk to **enter judgment** accordingly, **terminate** any pending motions, and **close** the file; and

5. **Advise** Plaintiff that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.   And, direct that upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RECOMMENDED** in Orlando, Florida on September 1, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to

    Presiding District Judge
    Counsel of Record