UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM NORMAN SCHUMACHER,

    Plaintiff,

v.                                                   Case No:   6:14-cv-1963-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 19). On September 22, 2015, the Court entered an order granting the Commissioner's unopposed motion to remand the case to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 17). The Clerk entered judgment the following day (Doc. 18).

Now, Plaintiff requests an award of attorney fees in the amount of $3,587.49 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a party is eligible for an attorney fee award where: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party filed a timely application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d). Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time this action was filed was less than $2 million (Doc. 19, pp. 1-2).

The schedule of billable hours attached to the motion confirms the attorney's claimed hours (Id. at pp. 8, 13-15).   The EAJA provides that the amount of attorney fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except:

> … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).   According to the Eleventh Circuit:

> The EAJA therefore establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.   The first step in the analysis, as the district court correctly noted … is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience and reputation.' Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) … the second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward from $75 to take into account an increase in the cost of living, or a special factor.

Meyer v. Sullivan, 958 F.2d 1029, 1033-34 (11th Cir. 1992).

Although an adjustment in the hourly rate due to changes in the cost of living is not required, it is customary in this district to adjust the $125.00 rate in recognition of changes in the Cost of Living Index.   Plaintiff's counsel is requesting an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 (Doc. 19, pp. 8-10).   Specifically, counsel is asking to be paid at the rate of $190.06 per hour for work performed in 2014, and $189.67 per hour for work performed in 2015 (Id.).   I find these hourly rates and the resulting fee

- 2 -

amount are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.

Plaintiff also seeks an award of fees at the rate of $75.00 per hour for paralegal hours expended on this case. The Eleventh Circuit has recognized paralegal time as recoverable under EAJA, "'[but] *only to the extent that the paralegal performs work traditionally done by an attorney.*'"   Jean v. Nelson, 863 F.2d 759,778 (11th Cir. 1988) (emphasis in original) (quoting Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir. Unit B 1982).   In this case, a paralegal performed the bulk of the work to review the administrative record and draft Plaintiff's brief (Doc. 19, pp. 14-15).   But for the services of the paralegal, this work would have been done at the attorneys' higher rate. Accordingly, I find it is appropriate to award fees for the services performed by the paralegal.

Plaintiff has attached a copy of his assignment of EAJA fees to his attorney, Richard A. Culbertson (Doc. 19-1).   In light of the assignment, Plaintiff requests that the payment be made payable to Plaintiff and delivered to Mr. Culbertson unless Plaintiff owes a federal debt (Doc. 19, pp. 2-3).   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment and pay fees directly to Mr. Culbertson (Id.).

Accordingly, I **RESPECTFULLY RECOMMEND** that Plaintiff's motion be **GRANTED** and Plaintiff be awarded attorney's fees in the amount of **$3,587.49** made payable to Plaintiff and delivered to Richard A. Culbertson, if the Commissioner determines that Plaintiff does not owe a debt to the government.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 6, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record